**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CHERYL L. BORSANYI,

                                  Plaintiff,

                                                                    **ORDER**

              - against -
                                                          CV 17-7266 (CBA) (AKT)

CHARLENE L. HUGGINS, Individually and as
Trustee of the Elizabeth A. Peglow 2015
Irrevocable Trust dated August 7, 2015, and
BRUCE D. HUGGINS,

                                  Defendants.
------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court previously denied, without prejudice and with the right to renew, Plaintiff's

June 28, 2018 Motion to Compel based on its non-compliance with Local Civil Rule 37.1 and the

Court's directives.  Plaintiff's counsel has now filed his revised Motion to Compel which is in

compliance with the previous Order.  *See* DE 22.  Likewise, defendants' counsel has filed a

response asserting that the motion should not be granted.  *See* DE 24.  The motion is GRANTED,

in part, and DENIED, in part and the Court now issues the following rulings with respect to each

of the contested interrogatories and document requests.

- **As to Interrogatory 7**:    It appears to the Court that based upon the defendants'
  response, this issue has been resolved.  Defendants will therefore amended
  responses to state that Defendant Bruce Huggins contacted his Compliance
  Officer David Massa by phone; that David Massa advised Bruce Huggins to send
  an e- mail to David Massa and to copy Sales Manager Jason DeLorenzo and to
  inform them of this proceeding; and that Bruce Huggins informed them of the
  same and attached a copy of the instant litigation filed by the Plaintiff.

- **As to Interrogatory 12**:    Defendant Bruce Huggins shall go through the Citigroup
  accounts and any other brokerage, securities, investment, retirement and/or
  banking accounts for which Mr. Huggins had power and/or authority to deposit,
  withdraw or transfer funds on behalf of the decedent Elizabeth Bigelow and shall
  use a highlighter to indicate (a) any entry which reflects a commission to him (and

shall place the letter "C" next to those entries), (b) any entry which reflects income to him from the decedent (and shall place the letter "I" next to those entries); (c) any entry which reflects reimbursements given to (or taken by) him from the decedent (and shall place the letter "R" next to those entries). These documents shall be served on Plaintiff's counsel that the in the manner designated.

- **As to Interrogatory 17**:    Defendants' counsel is directed to provide the Court in writing by July 20, 2018 the expected date by which defendant Charlene Huggins, as Trustee,  will be filing the formal accounting in the Surrogate's Court of Suffolk County as referenced in Defendants' response to this interrogatory.  The Court intends to direct Charlene Huggins to serve a copy of that formal accounting upon Plaintiff's counsel simultaneously with the Surrogate Court's filing, depending on the response provided to the Court as directed here.

- **As to Document Request 4**:    Defendants shall prepare a proper privilege log in compliance with the Federal Rules for any documents being withheld on the grounds of spousal privilege or any other privilege.  The log entries shall run from the date of the death of Elizabeth Peglow's husband in 2013 until the date of Elizabeth Peglow herself on March 27, 2017.  A copy of the privilege log shall be served on Plaintiff's counsel no later than  August 20, 2018.  Simultaneously, Defendants' counsel is to provide the Court with a copy of the privilege log, along with the actual documents listed in the log for an *in camera* review.  The log and documents may be mailed to Chambers.

- **As to Document Request 5**:    The Court finds that this request violates the principle of proportionality as that principle has been applied since the 2015 changes to the Federal Rules.  As such, the Court is restricting the request to the following areas and solely for the period running from January 1, 2014 to the present.  Pointing to the manner in which the request is written, Defendant shall provide documents responsive to sections (ii), (iii), (iv), (v) (vi) (vii - incorrectly numbered as "v"), (xi - incorrectly numbered as "x"), (xii - incorrectly numbered as "xi").  Since it appears that the estate was not administered as of this date, the Court finds (viii - incorrectly numbered as "vii") to be inapplicable.

- **As to Document Request 26**:    The Court reminds counsel that the phrase "any and all" has essentially been deemed disproportional language based on the 2015 changes to the Federal Rules.  However, the Court will require defendants to produce, for the period running from January 1, 2014 until the subject accounts were closed the following documents:  account opening documents; account closing documents; beneficiary designations; and modifications to any of decedent Peglow's brokerage, securities, investment, and retirement accounts (not bank accounts) during the period.  As to other documents plaintiff is seeking, the Court

notes that defendants have offered to sign authorizations to enable plaintiff to obtain this information and the Court suggests that plaintiff's counsel do so.

- **As to Document Request 28**:  See the Court's ruling with respect to the previous request and also the Court's directives contained in the ruling concerning Interrogatory 12.

- **As to Document Request 29**:    As presented in plaintiff's motion, the wording of document requests 28 and 29 are identical.  Therefore, the Court refers counsel to the ruling above.

- **As to Document Request 30**:    The Court is directing defendants to produce documents showing all withdrawals (and the person or persons who made withdrawals) from decedent Peglow's Citigroup accounts for the period running from January 1, 2015 until those accounts were closed.

- **As to Document Request 43**:    Defendants shall produce the requested documents notwithstanding their objections.  To the extent defendants take the position that they are not in possession of any other responsive documents, then the defendants shall provide an affidavit to the Court and to plaintiff's counsel so stating.  That affidavit is to be filed within 14 days of entry of this Order.  Plaintiff's counsel is free to take the depositions of Chas Huggins and Tanner Huggins on these issues if he chooses.

- **As to Document Request 48**:    The Court directs counsel to the ruling concerning Interrogatory 17.  The Court is directing defendants' counsel to serve a copy of the formal accounting upon Plaintiff's counsel simultaneously with the Surrogate Court's filing as soon as it is completed.  The Court further directs defendants' counsel to provide this Court within 14 days with an estimated date as to when that formal accounting will be filed.

- **As to Document Request 53**:    The Court the same ruling as set forth in response to document request 48.

- **As to Document Request 57**:    The Court finds the request overly broad and disproprotional to the needs of the case and will not require defendants to respond further.

- **As to Document Request 58**:    Notwithstanding defendants' reported position, to the extent it is accurate, that Charlene Huggins has acted as a "voluntary administrator" of the Peglow estate, the Court hereby requires Ms. Huggins to produce any documents in her possession, custody or control concerning her settlement and/or administration of the estate.

The defendants have 21 days to produce the discovery responses directed above by the Court, excluding those directives which call for a 14-day response period.

Having considered all of the arguments raised by both sides, the Court declines to award attorney's fees to the plaintiff for having made the instant motion. However, both sides are cautioned that the Court expects full cooperation in the discovery process going forward. The Court does not intend to be placed in the position of having to drill down on the number of disputes raised here in the future. Should the Court find that any party is not operating in good faith, appropriate action will be taken.

**SO ORDERED:**

Dated: Central Islip, New York
       July 16, 2018

                           /s/ A. Kathleen Tomlinson
                           A. KATHLEEN TOMLINSON
                           United States Magistrate Judge